Filed 12/31/25  P. v. Jacquez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARK ANDREW JACQUEZ<br><br>    Defendant and Appellant. | 2d Crim. No. B340071<br>(Super. Ct. No. 2018015649)<br>(Ventura County) |

In February 2022, Appellant Mark Andrew Jacquez waived his trial rights and was convicted after pleading guilty to two counts of inflicting corporal injury on a cohabitant (Pen. Code § 273.5, subd. (a).[1])  As to both counts, he admitted he had suffered a prior similar conviction within the previous seven years.  (§ 273.5, subd. (f)(1).)  He also admitted aggravating factors of inflicting great bodily injury and having a prior prison

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

term and poor performance on a prior grant of probation. (Cal. Rules of Court, rule 4.421(a) & (b).) Imposition of sentence was suspended and appellant was placed on probation subject to various terms and conditions including that he serve 365 days in custody.

The next year appellant was charged with violating probation by assaulting his girlfriend. He admitted the violation and was reinstated on probation with the condition that he serve another 120 days in custody, after agreeing to waive presentence credits in excess of 365 days.

The following year, 2024, appellant was again charged with violating his probation based upon another assault. He submitted the issue on the notice of charges and the court found he violated probation. The court revoked probation and sentenced appellant to the middle term of four years in state prison with 373 presentence credits based upon the initial 365 days plus the days he had been in custody in connection with the pending violation of probation. Because he previously waived any credits in excess of 365 days, the court declined appellant's request for credit based upon the 120 days previously imposed for the first violation of probation.

The original charges were filed after his girlfriend reported he had strangled her into unconsciousness during an argument. The two violations of probation were the result of appellant again assaulting his girlfriend, the first violation caused injury requiring stitches, the second caused the victim's pregnancy to become high risk.

We appointed counsel to represent appellant in this appeal. Counsel filed an opening brief raising no arguable issues. On October 23, 2025, we attempted to advise appellant by mail that

he had 30 days within which to personally submit any contentions or issues he wished us to consider. That notice was returned as undeliverable. The court did not receive a supplemental brief.

We have reviewed the entire record and are satisfied that appellant's counsel fully complied with his responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 443.) But the abstract of judgment does not reflect that the section 273.5, subdivision (f)(1) enhancement was found true based on appellant's admission. Penal Code section 1260 gives the Court of Appeal broad power to modify the judgment, and any aspect of the sentence. We do so now.

DISPOSITION

The judgment is modified to show that the section 273.5, subdivision (f)(1) enhancement was found true. As so modified, the judgment is affirmed. The trial court is ordered to amend its abstract of judgment to reflect that the section 273.5, subdivision (f)(1) enhancement was found true. The trial court is further ordered to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

YEGAN, Acting P. J.          BALTODANO, J.

3

Marine Dermadzhyan Judge
Superior Court County of Ventura

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.